IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN LOPEZ, | CASE NO. CV F 09-0449 LJO GSA |
| Plaintiff, | **ORDER ON DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 7.) |
| CHASE HOME FINANCIAL, LLC, et al, | |
| Defendants. | |

## **INTRODUCTION**

Defendants Chase Home Financial LLC ("Chase") and Mortgage Electronic Registration Systems, Inc. ("MERS") seek to dismiss as incognizable plaintiff Maria Del Carmen Lopez' ("Ms. Lopez'") claims arising from non-judicial foreclosure of her home. Ms. Lopez filed no timely papers to oppose dismissal of her claims against Chase and MERS (collectively "defendants"). This Court considered defendants' F.R.Civ.P. 12(b)(6) motion on the record, and VACATES the April 21, 2009 hearing, pursuant to Local Rule 78-230(c), (h). For the reasons discussed below, this Court DISMISSES this action against defendants.[1]

/ / /

---

[1] This Court will address defendant First American Loanstar Trustee Services' ("Loanstar's") motion to dismiss in a separate order.

1

## BACKGROUND

### Ms. Lopez' Home Loan And Default

On July 6, 2005, Ms. Lopez executed a $390, 915 promissory note ("promissory note") for her Bakersfield home ("property"). The loan was secured by a deed of trust ("DOT") encumbering the property and recorded on July 21, 2005.[2] The DOT identifies Ms. Lopez as the borrower, Wilmington Finance, a division of AIG Federal Savings Bank ("Wilmington Finance"), as the lender, MERS as the nominee beneficiary, and Ticor Title as the trustee.

A Notice of Default and Election to Sell Under Deed of Trust ("NOD") for the DOT was recorded on October 17, 2008. The NOD indicates that as of October 15, 2008, Ms. Lopez was $54,464.77 in arrears. The NOD further instructs to contact Chase to arrange for payment to stop foreclosure.

On January 13, 2009, a Substitution of Trustee was recorded to identify Loanstar as the DOT's new trustee.

A Notice of Trustee's Sale ("trustee's sale notice") was recorded on January 21, 2009.

On February 2, 2009, an Assignment of Deed of Trust ("DOT assignment") was recorded to assign all beneficial interest in the DOT to U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust ("U.S. Bank").

### Ms. Lopez' Claims

On February 6, 2009, Ms. Lopez filed in Kern County Superior Court her complaint ("complaint") to allege:

1. A (first) declaratory relief cause of action that defendants are prohibited to enforce her loan documents and to proceed with non-judicial foreclosure;

2. A (second) set aside notice of default and notice of trustee's sale cause of action that defendants' initiation of non-judicial foreclosure is void in the absence of their possession of the original promissory note;

3. A (third) cancellation of instruments cause of action that the promissory note, DOT,

---

[2] All documents pertaining to Ms. Lopez' loan and default were recorded with the Kern County Recorder.

|   |   |   |
|---|---|---|
|   |   | NOD and trustee's sale notice are void and unenforceable as products of predatory lending practices; |
|   | 4. | A (fourth) quiet title cause of action that defendants' assertion of right or interest in the property is void and unenforceable at law or in equity; |
|   | 5. | A (fifth) accounting cause of action that Ms. Lopez is entitled to "a detailed accounting calculation and summary of payoff balance"; |
|   | 6. | A (sixth) injunctive relief cause of action that "defendants should be preliminarily enjoyed [sic] from any further actions to conclude a non-judicial foreclosure"; and |
|   | 7. | A (seventh) damages cause fo action that defendants are liable for Ms. Lopez' damages, including those arising from bad faith foreclosure. |

The complaint seeks declaratory relief, cancellation of the NOD and trustee's sale notice, a temporary restraining order to bar further non-judicial foreclosure, quieting title to Ms. Lopez' property, an accounting of amounts owed by Ms. Lopez, damages, and attorney fees.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Standards

Pursuant to F.R.Civ.P. 12(b)(6), defendants attack Ms. Lopez' claims as "a disingenuous attempt" to "evade" her loan obligations. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light

most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning*

4

*v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). As such, this Court may consider Ms. Lopez' pertinent loan documents.

## **Declaratory Relief**

Defendants fault the complaint's declaratory relief claim for failure to seek prospective relief and as barred by laches.

### *Actual Controversy*

Since defendants removed Ms. Lopez' action from state court, her declaratory relief claim appears subject to evaluation under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.[3] The DJA and its 28 U.S.C. § 2201(a) provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (19 ). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994).

As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512 (1941). The United States Supreme Court has further explained:

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

---

[3] This Court is uncertain why defendants refer to California Code of Civil Procedure section 1060.

*Haworth*, 300 U.S. at 240-241, 57 S.Ct. at 464 (citations omitted).

The gist of the declaratory relief claim is that the parties differ whether defendants may pursue non-judicial foreclosure based on what Ms. Lopez characterizes as inadequate loan disclosures. Defendants contend that the declaratory relief claim "seeks to redress a past wrong" arising from alleged violation of federal loan statutes. This Court construes defendants' argument to the effect that there is no actual controversy subject to declaratory relief in that Ms. Lopez' potential relief lies elsewhere. A declaratory relief action "brings to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981).

The key problem is that the declaratory relief claim fails to articulate what declaration Ms. Lopez seeks. It merely points to a controversy regarding foreclosure of the property. The complaint's prayer merely seeks a "judgment declaring the duties, rights and obligations of the parties." Without more, this Court is unable to ascertain an actual controversy subject to declaratory relief. This Court construes Ms. Lopez' absence of timely opposition as her concession that her declaratory relief claim fails. As such, the (first) declaratory relief cause of action is subject to dismissal.

### *Laches*

Defendants contend that declaratory relief is barred by laches resulting from Ms. Lopez' three-year delay to bring this action after she "learned of conduct allegedly giving rise to rescission." Defendants interpret the declaratory relief claim to seek a declaration that Ms. Lopez may rescind her loan because all loan documentation was in English although Ms. Lopez' primary language is Spanish. Defendants conclude that Ms. Lopez discovered the facts for rescission on July 6, 2005 when she entered into her loan.

"A party who delays in seeking the remedy of rescission may forfeit the right to rescind where the delay substantially prejudiced the other party." *CitiCorp. Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1103 (9th Cir. 1998). "The basic elements of laches are: (1) an omission to assert a right; (2) a delay in the assertion of the right for some appreciable period; and (3) circumstances which would cause prejudice to an adverse party if assertion of the right is permitted." *Stafford v. Ballinger*, 199 Cal.App.2d 289, 296, 18 Cal.Rptr. 568 (1962).

Defendants point to Ms. Lopez' delay to seek rescission, and such delay is unjustified, especially given Ms. Lopez' lack of timely opposition. Laches bolsters dismissal of the (first) declaratory relief cause of action.

**<u>Set Aside Notice Of Default And Trustee's Sales Notice and Cancellation Of Instruments</u>**

*Tender To Cure Default*

Defendants argue that in the absence of allegations of Ms. Lopez' "ability to unconditionally tender the entire amount of indebtedness," the (second) set aside notice of default and notice of trustee's sale and (third) cancellation of instruments causes of action fail. Defendants characterize the causes of action "to thwart the impending trustee's sale" and as "duplicative."

California Civil Code section 3412 provides: "A written instrument, in respect to which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied,* 519 U.S. 1081, 217 S.Ct. 746 (1997). In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495.) Simply put, if the offeror "is without the money necessary to make the

7

offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing several cases).

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851.

Defendants note that the second and third causes of action allege that defendants failed to provide proper default and trustee sales notices but fail to allege that notices were a product of fraud, mistake or other grounds to set aside or cancel the notices. Ms. Lopez' lack of an allegation of ability to tender amounts owed is fatal to the second and third causes of action. Her lack of timely opposition suggests her inability to tender to cure her default.

### *Holder Of The Note*

Moreover, the second and third causes of action fail to the extent they are premised on defendants' lack of possession of Ms. Lopez' original promissory note.

"If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440, 129 Cal.Rptr.2d 436 (2003). The California Court of Appeal has explained non-judicial foreclosure under California Civil Code sections 2924-2924l:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section

2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d (1994).

"Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

The property's chain of title demonstrates without doubt that US Bank is the assignee of the promissory note and DOT. US Bank is empowered to foreclose on the property under California Civil Code section 2932.5, and Loanstar, as the DOT trustee, is authorized to conduct foreclosure under California Civil Code sections 2924-2924l. Ms. Lopez' notions regarding note possession fail to revive her second and third causes of action, which are subject to dismissal.

### Quiet Title

Defendants fault the (fourth) quiet title cause of action as lacking necessary elements.

California Code of Civil Procedure section 760.010 provides for an action "to establish title against adverse claims to real or personal property or any interest therein." California Code of Civil Procedure section 761.020 mandates a "verified" complaint for a quiet title action to include:

1. A legal description and street address of the subject real property;
2. The title of plaintiff as to which determination is sought and the basis of the title;
3. The adverse claims to the title of the plaintiff against which a determination is sought;
4. The date as of which the determination is sought; and
5. A prayer for the determination of the title of the plaintiff against the adverse claims.

Defendants correctly note that the complaint is not verified and merely duplicates the second and third causes of action in that it alleges that defendants' claims in the property "is without basis in law or fact, being the product of a defective, deceptive and void transaction." Defendants validly question the appropriateness and mootness of the quiet title claim given that Ms. Lopez remains the property's

owner.

The quiet title claim is unclear and lacks necessary elements. The quiet title claim merely attacks the foreclosure process and does not address a legitimate title dispute. If the foreclosure is successful, title will change, and the quiet title claim is an improper means to challenge foreclosure. Nothing is available to Ms. Lopez to resurrect the (fourth) quiet title cause of action, which is subject to dismissal.

### **Accounting**

Defendants challenge the (fifth) accounting cause of action's lack of necessary elements. Defendant note the absence of allegations of a fiduciary or other relationship to warrant an accounting and that defendants owe money to Ms. Lopez.

An accounting cause of action is equitable and may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. *Civic Western Corp. v. Zila Industries, Inc.,* 66 Cal.App.3d 1, 14, 135 Cal.Rptr. 915 (1977). A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. *Civic Western,* 66 Cal.App.3d at 14, 135 Cal.Rptr. 915. An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain. *Civic Western,* 66 Cal.App.3d at 14, 135 Cal.Rptr. 915.

The accounting claim seeks "a detailed accounting calculation and summary of the payoff balance [defendants] are demanding, including the unpaid principal balance, accrued interest, unpaid interest, daily interest charges and all other fees, costs or expenses comprising the payoff sum." The complaint fails to invoke this Court's equity powers to provide Ms. Lopez such relief in the form of an accounting. The (fifth) accounting cause of action is subject to dismissal in the absence of a cognizable legal theory or facts to support it.

### **Injunctive Relief**

Defendants fault the (sixth) injunctive relief cause of action's failure to demonstrate defendants' liability. Defendants argue that injunctive relief is unavailable in the unlikelihood that Ms. Lopez will prevail on the merits of her claims.

The traditional equitable criteria for granting preliminary injunctive relief are:

1. A strong likelihood of success on the merits;

1     2.     The possibility of irreparable injury to the moving party if injunctive relief is denied;

    3.     A balance of hardships favoring the moving party; and

    4.     Advancement of public interest.

*Textile Unlimited, Inc. v. A.BMH and Company, Inc.*, 240 F.3d 781, 786 (9th Cir. 2001) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980)).

"In this circuit, the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *Los Angeles Mem' Coliseum Comm'n*, 634 F.2d at 1201.

In the absence of timely opposition, Ms. Lopez' offers nothing to support her injunctive relief claim. Morever, "[e]quity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." *Karlsen*, 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. As such, to enjoin a foreclosure sale due to non-judicial foreclosure defects, the trustor must in good faith tender amounts to cure the default. *See Karlsen*, 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. The complaint lacks allegations of a tender to cure defaults, and the injunctive relief claim is premised on prior defective claims. The (sixth) injunctive relief cause of action is doomed with the complaint's other claims.

**Damages**

Defendants contend that the (seventh) damages cause of action fails in that damages is not a stand-alone claim but rather a remedy and an element of a cause of action. Defendants fault the cause of action's reliance on defendants' alleged "multiple violations of statute" in that allegation of a statutory or regulatory violation does not rise to a private right of action. Defendants point to *Vikco Ins. Services, Inc. v. Ohio Indem. Co.,* 70 Cal.App.4th 55, 62-63, 82 Cal.Rptr.2d 442 (1999), where the California Court of Appeal explained:

> Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages. If the Legislature intends to create a private cause of action, we generally assume it will do so " 'directly[,] ... in

11

clear, understandable, unmistakable terms ....' [Citation.]" ( *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 294-295 [250 Cal.Rptr. 116, 758 P.2d 58] ( *Moradi-Shalal* ); see also *Crusader Ins. Co. v. Scottsdale Ins. Co.*, supra, 54 Cal.App.4th at pp. 125-137 [because a judge may not insert what has been omitted from a statute, legislative intent alone determines whether a statute creates a new private right to sue]; *Schaefer v. Williams* (1993) 15 Cal.App.4th 1243, 1248 [19 Cal.Rptr.2d 212] [nothing in Elections Code creates a private cause of action to enforce a pledge to follow fair campaign practices; "Surely, if the Legislature had intended to create such a private action, it would have done so by clear and direct language"]; *Nowlon v. Koram Ins. Center, Inc.* (1991) 1 Cal.App.4th 1437, 1444-1445 [2 Cal.Rptr.2d 683] [absent some express provision for civil liability, courts cannot assume a private cause of action for negligence may be brought any time a legislative enactment is violated].)

Defendants are correct that "damages" are a remedy and element of a claim, not an independent cause of action. The complaint points to no private right of action arising from a statutory or regulatory violation. The (seventh) damages cause of action fails with the complaint's other claims.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against defendants Chase Home Financial LLC and Mortgage Electronic Registration Systems, Inc.;

2. DIRECTS the clerk to enter judgment in favor of defendants Chase Home Financial LLC and Mortgage Electronic Registration Systems, Inc. and against plaintiff Maria Del Carmen Lopez; and

3. ORDERS Ms. Lopez' counsel, no later than April 16, 2009, to show cause in writing why this Court should not dismiss this action against defendants Wilmington Finance, Inc. and AIG Federal Savings Bank.

**This Court ADMONISHES Ms. Lopez and her counsel that this Court will dismiss this action against defendants Wilmington Finance, Inc. and AIG Federal Savings Bank if Ms. Lopez' counsel fails to comply with this order.**

IT IS SO ORDERED.

**Dated: April 8, 2009**          /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE