| | |
|---|---|
| MARIA DEL CARMEN LOPEZ, | CASE NO. CV F 09-0449 LJO GSA |
| Plaintiff, | **ORDER ON DEFENDANT'S F.R.Civ.P.12(b)(6) MOTION TO DISMISS** (Doc. 10.) |
| vs. | |
| CHASE HOME FINANCE, LLC, et al, | |
| Defendants. / | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

## INTRODUCTION

Defendant First American Loanstar Trustee Services ("Loanstar") seeks to dismiss as meritless plaintiff Maria Del Carmen Lopez' ("Ms. Lopez'") claims arising from non-judicial foreclosure of her home. Ms. Lopez filed no timely papers to oppose dismissal of Loanstar. This Court considered Loanstar's F.R.Civ.P. 12(b)(6) motion on the record and VACATES the May 7, 2009 hearing, pursuant to Local Rule 78-230(c), (h). For the reasons discussed below, this Court DISMISSES with prejudice this action against Loanstar.

## BACKGROUND

### Ms. Lopez' Home Loan And Default

On July 6, 2005, Ms. Lopez executed a $390,915 promissory note ("promissory note") payable to Wilmington Finance and secured by a Deed of Trust ("DOT") against her Bakersfield home ("property"). Ms. Lopez defaulted on the loan, and foreclosure proceedings were commenced by

1

recording a Notice of Default ("NOD") on October 17, 2008.[1]

On January 13, 2009, a Substitution of Trustee ("trustee substitution") was recorded to substitute Loanstar as trustee under the DOT. The promissory note and DOT were later assigned to U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust 2005-10 ("US Bank"). Upon expiration of the NOD, Loanstar recorded a Notice of Trustee's Sale ("trustee's sale notice") to set a February 10, 2009 sale of the property.

## Ms. Lopez' Claims

Ms. Lopez filed this action on February 6, 2009 and thereafter recorded a lis pendens for the property. Ms. Lopez' operative complaint ("complaint") alleges:

1. A (first) declaratory relief cause of action that defendants[2] are prohibited to enforce Ms. Lopez' loan documents and to proceed with non-judicial foreclosure;

2. A (second) set aside notice of default and notice of trustee's sale cause of action that defendants' initiation of non-judicial foreclosure is void in the absence of their possession of the original promissory note;

3. A (third) cancellation of instruments cause of action that the promissory note, DOT, NOD and trustee's sale notice are void and unenforceable as products of predatory lending practices;

4. A (fourth) quiet title cause of action that defendants' assertion of right or interest in the property is void and unenforceable at law or in equity;

5. A (fifth) accounting cause of action that Ms. Lopez is entitled to "a detailed accounting calculation and summary of payoff balance";

6. A (sixth) injunctive relief cause of action that "defendants should be preliminarily enjoyed [sic] from any further actions to conclude a non-judicial foreclosure"; and

7. A (seventh) damages cause of action that defendants are liable for Ms. Lopez' damages, including those arising from bad faith foreclosure.

---

[1] All documents pertaining to Ms. Lopez' loan and default were recorded with the Kern County Recorder.

[2] The complaint names as defendants entities other than Loanstar involved in Ms. Lopez' loan and default. All other defendants have been dismissed by separate orders.

2

The complaint seeks declaratory relief, cancellation of the NOD and trustee's sale notice, a temporary restraining order to bar non-judicial foreclosure, quieting title to Ms. Lopez' property, an accounting of amounts owed by Ms. Lopez, damages, and attorney fees.

## **DISCUSSION**

### **F.R.Civ.P. 12(b)(6) Standards**

Pursuant to F.R.Civ.P. 12(b)(6), Loanstar attacks the complaint as "unsubstantiated boilerplate" which was filed "to unjustifiably delay rightful foreclosure[]." A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127

3

S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[3] A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). As such, this Court may consider Ms. Lopez' pertinent loan and foreclosure documents.

### Declaratory Relief

Loanstar notes that none of the (first) declaratory relief cause of action's "multitude of statutory violations" is applicable to Loanstar, the foreclosure trustee, in that alleged violations are predicated on

---

[3] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

4

matters during the loan's origination. Loanstar explains that its duties are "strictly, specifically and exclusively confined to the provisions" of California Civil Code, §§ 2924-2924l, and that it was substituted as the DOT trustee 3½ years are the loan origination. Loanstar further notes that since its obligations are exclusively limited to California Civil Code, §§ 2924-2924l, Loanstar is not subject to the California and federal statutes upon which the declaratory relief claim relies.

Loanstar is correct, and Ms. Lopez does not dispute that Loanstar is not subject to her declaratory relief claim. Moreover, a key problem is that the declaratory relief claim fails to articulate what declaration Ms. Lopez seeks. It merely points to a controversy regarding foreclosure of the property. The complaint's prayer merely seeks a "judgment declaring the duties, rights and obligations of the parties." Without more, this Court is unable to ascertain an actual controversy subject to declaratory relief. Ms. Lopez makes no attempt to revive her declaratory relief claim to warrant its dismissal as to Loanstar.

**Set Aside Notice Of Default And Trustee's Sales Notice and Cancellation Of Instruments**

*Tender To Cure Default*

Loanstar argues that the (second) set aside notice of default and trustee's sales notice and (third) cancellation of instruments causes of action fail in the absence of allegations of Ms. Lopez' tender to cure her default.

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997). In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state

a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495.) Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing several cases).

Loanstar argues that Ms. Lopez' inability to make monthly promissory note payments reflects further inability to tender amounts owed to bar her requested relief. Ms. Lopez offers nothing to suggest a tender to pay her debt. Setting aside foreclosure is useless to render Ms. Lopez' set aside and cancellation claims meritless and subject to dismissal.

### *Holder Of The Note*

Loanstar faults the complaint's claim that foreclosure is unavailable in absence of possession of the original promissory note in that "physical possession of the original note is not a mandatory prerequisite for a beneficiary to initiate foreclosure." (Underlining in original.)

"If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440, 129 Cal.Rptr.2d 436 (2003). The California Court of Appeal has explained non-judicial foreclosure under California Civil Code sections 2924-2924l:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the

beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

"Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

Loanstar notes that the property's chain of title demonstrates without doubt that US Bank is the assignee of the promissory note and DOT. Loanstar concludes that US Bank is empowered to foreclose on the property under California Civil Code section 2932.5 and that Loanstar, a the DOT trustee, is authorized to conduct foreclosure under California Civil Code sections 2924-2924l.

Ms. Lopez' promissory note possession notion is frivolous. The California non-judicial foreclosure procedures permit Loanstar to foreclose on the property to further warrant dismissal of her set aside and cancellation claims.

### *Compliance With Non-Judicial Foreclosure Statutes*

The complaint alleges that defendants failed to comply with non-judicial foreclosure statutes by failing to timely serve a notices of default and trustee's sale. Loanstar criticizes the complaint's failure to allege facts to demonstrate that "service" of required notices was untimely.

The California non-judicial foreclosure statues "do not require actual receipt by a trustor of a notice of default or notice of sale. They simply mandate certain procedural requirements reasonably calculated to inform those who may be affected by a foreclosure sale and who have requested notice in the statutory manner that a default has occurred and a foreclosure sale is imminent." *Lupertino v. Carbahal,* 35 Cal.App.3d 742, 746-747, 111 Cal.Rptr. 112 (1973).

Loanstar notes that defendants satisfied the California non-judicial foreclosure statutes in that:

1. On October 17, 2008, Loanstar recorded the default notice which met California Civil Code § 2923.5(c)'s declaration requirements;
2. Defendants delayed 90 days prior to noticing the trustee's sale;
3. On January 18, 2009, more than 90 days after the default notice was required, Loanstar executed the trustee's sale notice; and

7

4. The trustee's sale notice was recorded on January 21, 2009 to set a February 10, 2009 trustee's sale.

Loanstar concludes that Ms. Lopez is unable to allege noncompliance with the California non-judicial foreclosure statutes to warrant her requested equitable relief. Again, Loanstar is correct. Ms. Lopez points to no foreclosure error to support her meritless set aside and cancellation claims.

## Quiet Title

Loanstar challenges the (fourth) quiet title cause of action as defectively pled and inapplicable to Loanstar.

California Code of Civil Procedure section 760.010 provides for an action "to establish title against adverse claims to real or personal property or any interest therein." California Code of Civil Procedure section 761.020 mandates a "verified" complaint for a quiet title action to include:

1. A legal description and street address of the subject real property;
2. The title of plaintiff as to which determination is sought and the basis of the title;
3. The adverse claims to the title of the plaintiff against which a determination is sought;
4. The date as of which the determination is sought; and
5. A prayer for the determination of the title of the plaintiff against the adverse claims.

Loanstar correctly notes that the complaint is not verified. Loanstar further faults the quiet title claim's reliance on the defective (second) set aside and (third) cancellation causes of action to render the quiet title claim likewise defective. Loanstar points out that it is not subject to a quiet title claim because as the DOT trustee, it claims neither a legal nor equitable interest in the property, and its relationship to the property is "strictly confined" to California non-judicial foreclosure statutes. *See* Cal. Civ. Code, § 2934a ("conferring no other duties upon the trustee than those which are incidental to the exercise of the power of sale").

The quiet title claim is defective for the reasons noted by Loanstar, which as the DOT trustee is not subject to a quiet title claim. No facts are present to support a quiet title claim against Loanstar, and an attempt to amend the claim is unwarranted.

## Accounting

To contest the (fifth) accounting cause of action, Loanstar faults the complaint's absence of facts

that Loanstar violated California Civil Code section 2943, which provides in pertinent part:

> (c) A beneficiary . . . shall, on the written demand of an entitled person, or his or her authorized agent, prepare and deliver a payoff demand statement to the person demanding it within 21 days of the receipt of the demand. However, if the loan is subject to a recorded notice of default . . ., the beneficiary shall have no obligation to prepare and deliver this statement as prescribed unless the written demand is received prior to the first publication of a notice of sale . . .

Loanstar notes that as the DOT trustee, it is restricted to the California non-judicial statutes and is not a regulated beneficiary of the DOT or promissory note. Loanstar further points out that even if it were subject to California Civil Code section 2943, the complaint lacks allegations of a written request for a payoff demand.

Similar to Ms. Lopez' other claims, her accounting claim is meritless and offers nothing as to Loanstar to warrant its dismissal.

## **Injunctive Relief**

Loanstar challenges the (sixth) injunctive relief cause of action to assert a remedy, not a cause of action. Loanstar points out that an attempt to enjoin the trustee's sale is an "equitable remedy" to require Ms. Lopez "to do equity before the court will exercise its equitable powers."

"Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." *Karlsen*, 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. As such, Loanstar reminds that to enjoin a foreclosure sale due to non-judicial foreclosure defects, the trustor must in good faith tender amounts to cure the default. *See Karlsen*, 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. Loanstar correctly notes the complaint's absence of allegations of a tender to cure defaults and that the injunctive relief claim is premised on prior defective claims to render it likewise defective and subject to dismissal.

## **Damages**

Loanstar disputes the (seventh) damages cause of action as predicated on prior "invalid and ineffective" claims to doom likewise the damages claim. Loanstar is correct.

In addition, damages is not a stand-alone claim but rather a remedy and an element of a cause of action. The complaint's apparent reliance on alleged "multiple violations of statute" does not rise to

a private right of action. In *Vikco Ins. Services, Inc. v. Ohio Indem. Co.,* 70 Cal.App.4th 55, 62-63, 82 Cal.Rptr.2d 442 (1999), the California Court of Appeal explained:

> Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages. If the Legislature intends to create a private cause of action, we generally assume it will do so " 'directly[,] ... in clear, understandable, unmistakable terms ....' [Citation.]" ( *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 294-295 [250 Cal.Rptr. 116, 758 P.2d 58] ( Moradi-Shalal ); see also *Crusader Ins. Co. v. Scottsdale Ins. Co.*, supra, 54 Cal.App.4th at pp. 125-137 [because a judge may not insert what has been omitted from a statute, legislative intent alone determines whether a statute creates a new private right to sue]; *Schaefer v. Williams* (1993) 15 Cal.App.4th 1243, 1248 [19 Cal.Rptr.2d 212] [nothing in Elections Code creates a private cause of action to enforce a pledge to follow fair campaign practices; "Surely, if the Legislature had intended to create such a private action, it would have done so by clear and direct language"]; *Nowlon v. Koram Ins. Center, Inc.* (1991) 1 Cal.App.4th 1437, 1444-1445 [2 Cal.Rptr.2d 683] [absent some express provision for civil liability, courts cannot assume a private cause of action for negligence may be brought any time a legislative enactment is violated].)

The complaint points to no private right of action arising from a statutory or regulatory violation. The (seventh) damages cause of action fails along with the complaint's other claims.

**Conclusory Allegations – Alternative Motion For More Definite Statement**

Loanstar faults the complaint as "entirely vague, unclear, uncertain and indefinite" to require "a more definite statement of the entire Complaint and all of its paragraphs as they relate to Loanstar." Loanstar faults the complaint's failure to distinguish claims against particular defendants.

Again, Loanstar is correct. The complaint's vagueness further supports its dismissal, and as such, this Court need not address Loanstar's alternative F.R.Civ.P. 12(e) motion on its merits.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against defendant First American Loanstar Trustee Services; and

2. DIRECTS the clerk to enter judgment in favor of defendant First American Loanstar Trustee Services and against plaintiff Maria Del Carmen Lopez and to close this action.

IT IS SO ORDERED.

Dated: April 24, 2009          /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE